Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>LARRY RAY BAKER, JR.,<br>KELLY KISTEN BAKER,<br><br>Debtors. | Case No. 19-61571-tmr13 |
| DAVID G. ANDERSON,<br>R. CHERYLENE ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY RAY BAKER, JR.,<br>KELLY KISTEN BAKER,<br><br>Defendants. | Adv. Proc. No. 19-6079-tmr<br><br><br><br><br>MEMORANDUM DECISION ON<br>DEFENDANTS' MOTION TO DISMISS[1] |

**Introduction:**

This memorandum delivers the court's ruling on Defendants' Motion to Dismiss (ECF No. 9) filed in this adversary proceeding. Although the parties have been working for many

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 10 – MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISMISS

months to settle the disputes, the settlement judge reports an impasse. As outlined in more detail below, I agree with the Defendants, Larry Ray Baker, Jr., and Kelly Kisten Baker, that the Plaintiffs, David G. Anderson and R. Cherylene Anderson, have not sufficiently pleaded the claims at issue. I find it is possible, however, for these defects to be cured through the submission of an amended complaint which clarifies the claims alleged and more clearly links the facts presented by the Andersons to the elements of the claims. *See* Fed. R. Civ. P. 15(a) (leave to amend should be "freely give[n] when justice so requires"). I do not find any reason to prevent the opportunity to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (sample reasons for preventing an opportunity to amend include undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, futility). For these reasons, I will not dismiss the proceeding, but I will require that the Andersons amend their complaint to make their allegations more definite and certain.[2]

**Facts:**

The Andersons raised concerns about the dischargeability of certain debts in the main bankruptcy case by filing correspondence with the court. *See* Main Case ECF No. 49. I treated the Andersons' correspondence as a complaint and opened a separate adversary proceeding. *See* Adv. Proc. ECF No. 1. The debts at issue, which total $77,994.68, are represented by a proof of claim filed by the Andersons in the main case. *See* Proof of Claim No. 11-3. The Bakers initially objected to the proof of claim, but they have since withdrawn their objection. *See* Main Case ECF Nos. 21, 48. Based on that withdrawal and statements by counsel, the Bakers do not dispute at this time that the Andersons have a claim against the estate. Instead, the heart of the dispute in

---

[2] Defendants' Motion to Dismiss requests that "[d]ismissal should be with prejudice because Plaintiffs refused to amend their complaint to add factual allegations prior to the filing" of Defendants' Motion to Dismiss. *See* Adv. Proc. ECF No. 9. Although the Bakers assert that they have previously asked the Andersons to amend their complaint, I will grant the Andersons an opportunity to amend. This case has been pending for nearly three years, and the parties are entitled to a resolution of these issues. It does not seem likely that "justice" will require a future opportunity to fix the complaint if this amended complaint is not adequate.

this adversary proceeding is whether the debts listed in Proof of Claim No. 11-3 are nondischargeable.

We held a hearing with argument on the motion to dismiss, but the parties requested time for a judicial settlement conference. Although they have worked extensively with a settlement judge, the parties have been unable to reach a settlement. The Andersons have also been unable to secure the assistance of counsel, either directly or through the bankruptcy court's limited pro bono program.[3] The motion has been sufficiently briefed and argued and is ripe for a ruling.

The Andersons' correspondence requested, among other things, that I find the debts are nondischargeable under 11 U.S.C. §§523(a)(2) and 523(a)(4).[4] Both statutes have specific pleadings requirements, which I detail below, that must be met to properly plead a claim in an adversary proceeding. If those pleading requirements are not met, an opposing party may file a motion to dismiss.

**Motion to Dismiss Rule 12(b)(6) Standards:**

A party may move to dismiss a claim under Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings in Fed. R. Bankr. P. 7012(b). Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008, requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The complaint need not contain "detailed factual allegations," but it must contain more than labels and conclusions, or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[3] I comment on the assistance of counsel because I have reminded Mr. Anderson that having counsel would be beneficial to addressing the pleading deficiencies. Through its limited pro bono counsel program, the court did provide prospective pro bono counsel, but that arrangement did not work.

[4] Unless otherwise indicated, all chapter and section references are to the Federal Bankruptcy Code, 11 U.S.C. §§101-1532.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.… Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Taylor v. U.S. Dep't of Justice (In re Taylor)*, 2012 WL 1957984, *2 (9th Cir. BAP May 31, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 678-79 (internal citations omitted).

In ruling on a 12(b)(6) motion, the court must accept as true "all well-pleaded allegations contained in the [complaint], but … need not accept as true 'conclusory statements, statements of law, or unwarranted inferences cast as factual allegations.'" *Taylor* at *2 (unpublished) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). The court must also draw all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

**Analysis:**

In our case, the Bakers' motion seeks to dismiss the complaint for failure to allege facts sufficient to state a claim for relief under §523. The complaint requests that this court "[d]etermine dischargeability of debt including and adjudicating Andersons [sic] rights to priority of payment of debt that occurred prior to Bakers selling of Business and subsequent filing of Bankruptcy 13. {11 U.S.C. 523(a)(2), (4)}." *See* Adv. Proc. ECF No. 1, page 2. Sections 523(a)(2) and (4) have specific pleading requirements, outlined below, which I find the Andersons have not met. [5]

---

[5] Main Case ECF No. 49, which is being treated as the complaint in this adversary raises three other causes of action, specifically seeking the following: 1. Declaratory relief under ORS 28.010, 28.050 and ORS 124.120(1)(2); 2. A ruling for breach of contract of a commercial lease agreement under ORS Chapter 90; and 3. A ruling for breach of contract or trust agreement by the Bakers under ORS 124.100-124.140, and Executive Order 13844. The Bakers make no mention of these causes of action in their motion to dismiss. *See* Defendants' Motion to Dismiss,

**Failure to Plead a §523(a)(2) Claim with Particularity:**

First, the Andersons request the court "determine dischargeability of debt by including and adjudicating Andersons [sic] rights to priority of payment of debt that occurred prior to Bakers selling of Business and subsequent filing of Bankruptcy 13." *See* Adv. Proc. ECF No. 1. They cite to §523(a)(2).

Claims filed under §523(a)(2) can be raised under (a)(2)(A) or (a)(2)(B), with each section of the statute having different pleading requirements. The Andersons have not identified under which section of §523(a)(2) they base their claims. Additionally, they have failed to satisfy the pleading requirements, which I explain in more detail below.

1. **§523(a)(2)(A) – Fraud:**

Section 523(a)(2)(A) excepts from a debtor's discharge debts for money obtained by "false pretenses, a false representation or actual fraud." To prevail on a claim under §523(a)(2)(A), a creditor must prove the following elements: (1) The debtors made a representation, or omitted to state a material fact to the creditors; (2) at the time that the subject representation or omission was made, the debtors knew that the representation was false, or knew that the omission created a false statement, and the debtors were under a duty to disclose the omitted information; (3) the debtors made the subject representation or omission with the intention of deceiving the creditors; (4) the creditors justifiably relied; and (5) the creditors sustained damages as the proximate result of the representation or omission having been made. *See Daniels v. Holman (In re Holman)*, 536 B.R. 458, 464 (Bankr. D. Or. 2015) (citing *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 n.4 (9th Cir. 2001)); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). The creditors must prove each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286-91 (1991).

---

ECF No. 9. The other causes of action were not included in Proof of Claim No. 11-3 and do not assert nondischargeability or other bankruptcy determinations. If the Andersons assert similar claims in their amended complaint, they need to provide a reason for a bankruptcy determination on these claims.

Additionally, claims alleging fraud under §523(a)(2)(A) must meet the particularity requirements of Fed. R. Civ. P. 9(b) (incorporated by Fed. R. Bank. P. 7009).[6] *See Sun Tec Ins. Co. v. Munson (In re Munson)*, No. 6:10-BK-38482-SC, 2011 WL 845846, *5 (Bankr. C.D. Cal. Mar. 9, 2011). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex. rel. v. General Dynamics C4 Systems*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (internal quotations and citations omitted).

As currently pleaded, I find that the Andersons have not properly described a claim under §523(a)(2)(A), nor have they satisfied the more detailed requirements of Fed R. Civ. Proc. 9(b). Currently, the Andersons' complaint provides no factual support for their claims. *See* Adv. Proc. ECF No. 1. I do note, however, that the Andersons filed additional correspondence in the main case to supplement their claims. *See* Main Case ECF No. 57, and Main Case ECF No. 63. The Ninth Circuit has held that exhibits submitted with a complaint may also be considered as part of the complaint. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The documents submitted by the Andersons are detailed and lengthy but, given their failure to identify which section of §523(a)(2) applies, it is unclear whether these documents provide any necessary support for a §523(a)(2)(A) claim. If pleaded more clearly, facts from the supplemental correspondence may satisfy the requirements for a §523(a)(2)(A) claim. For these reasons, I find it is possible that the pleading defects can be cured in an amended complaint.

Additionally, to survive the motion to dismiss, the Andersons must amend their complaint to satisfy the requirements of Fed. R. Civ. P. 8(a)(2), so it provides "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although the Andersons provide multiple documents, simply filing numerous documents without some clarity does not satisfy the Fed R. Civ. Proc. 8(a)(2) requirements, nor does it explain how the documents provide allegations that satisfy the elements of §523(a)(2)(A). Additionally, those documents

---

[6] The text of Fed. R. Civ. P. 9(b) states in relevant part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

include information totally outside the scope of a complaint such as language that appears to be offers of settlement. Instead of refiling duplicate copies of the documents already submitted or filing numerous new documents, the Andersons should provide in their amended complaint a "short and plain statement" containing allegations that support each element listed above and explain which facts support each element. The short and plain statements should be numbered so that Defendants are able to admit or deny the allegations. Simply listing the elements of the claims or describing lists of facts without tying them to the elements will not be sufficient.

   2. **§523(a)(2)(B) – False Financial Statement:**

Section 523(a)(2)(B) excepts from discharge debts arising from the debtors' intentional use of a false financial statement on which the creditor reasonably relied. To prevail on a claim under §523(a)(2)(B), a creditor must prove the following elements: (1) the debtor made a representation of fact in writing; (2) the representation was material; (3) the debtor knew at the time that the representation was false; (4) the debtor made the representation with the intention of deceiving the creditor; (5) the creditor relied on the representation; (6) the creditor's reliance was reasonable; and (7) damages proximately resulted from the representation. *Siriani v. Northwestern Nat'l Ins. Co. (In re Siriani)*, 967 F.2d 302, 304 (9th Cir. 1992) (citations omitted).

The Andersons have failed to clearly plead a §523(a)(2)(B) claim in their complaint. If they intend to raise a claim under this part of §523(a)(2), they again must provide a "short and plain statement" of the elements of §523(a)(2)(B), and state what facts support those claims. They must identify the writing constituting the false financial statement. Additionally, as the elements of §523(a)(2)(B) allege fraud, they must satisfy the Rule 9(b) requirements outlined above. The Andersons need not provide a long, detailed analysis of the facts at this stage of the proceeding, but instead they should point to those facts they believe support each required element. Again, the allegations should be made in numbered paragraphs, so Defendants are able to admit or deny them. I will provide the Andersons time to amend their complaint to do so.

**Failure to Plead a §523(a)(4) Claim with Particularity:**

Section 523(a)(4) encompasses several causes of action that can be raised. Section 523(a)(4) reads as follows, "A discharge … does not discharge an individual debtor from any debt – for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Andersons cite to §523(a)(4) broadly, so it remains unclear whether they intend to bring their §523(a)(4) claim under (1) fraud or defalcation while acting in fiduciary capacity, (2) embezzlement, or (3) larceny, as no facts are pleaded to support any of these listed claims. Each one has specific elements which the court must find for a creditor to prevail.

To prevail on a §523(a)(4) claim relating to fraud or defalcation, the court must find "1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created." *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 870 (9th Cir. 2001), citing *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997). It is unclear whether an express trust existed between the Andersons and the Bakers, or whether the Bakers acted as fiduciaries to the Andersons. Prior discussions suggested that the Bakers were collecting rental payments on behalf of the Andersons. Such a relationship might create such a trust, but the alleged facts are not specific and, to survive, must be clarified in the Andersons' amended complaint.

For the second element of either fraud or defalcation, additional requirements must be met. For fraud, like the requirements under both §§523(a)(2)(A) and (B), the Fed R. Civ. Proc. 9 requirements must be met when pleading this element. Plaintiffs must "state with particularity the circumstances constituting fraud" under Fed R. Civ. Proc. 9. On the other hand, for a claim of defalcation, a plaintiff is not required to satisfy Fed R. Civ. Proc. 9. For defalcation, federal law defines it as a "misappropriation of trust funds or money held in any fiduciary capacity: [the] failure to properly account for such funds." *Otto*, 106 F.3d at 1460, citing *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir. 1996) (quoting Black's Law Dictionary 417 (6th ed. 1990)). To properly plead a defalcation claim, plaintiffs must allege that the defendants had a culpable state of mind and committed "an intentional wrong." *See Bullock v. BankChampaign, N.A.*, 569

U.S. 267, 273 (2013). In our case, the Andersons must clarify whether they intend to bring their §523(a)(4) claim under the fraud or defalcation part of the statute, and if so, they must allege the required facts to support their claim.

A claim for embezzlement or larceny, although similar to fraud or defalcation, requires slightly different facts be pleaded. Embezzlement in the context of nondischargeability requires three elements: (1) property rightfully in the possession of a nonowner; (2) the nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud. *Transamerica Com. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991). Embezzlement under §523(a)(4) does not require the presence of a fiduciary relationship. *See id.* "The elements of a claim based on larceny differ from those of a claim based on embezzlement only in that a larcenous bankruptcy debtor has come into possession wrongfully." *U-Save Auto Rental of Am., v. Mickens, (In re Mickens)*, 313 B.R. 666, 680 (Bankr. N.D. Cal. 2004).

The Andersons fail to clearly indicate under what part of §523(a)(4) they bring their claim. It appears from our discussions that the Andersons may have a claim under some part of §523(a)(4) based on the Andersons' allegations that the Bakers collected rents and managed a storage facility on the Andersons' behalf without delivering the collected storage fees. For these reasons, I am allowing the Andersons to amend their complaint to clarify their §523(a)(4) claim.

**Consent:**

Finally, Fed. R. Bankr. P. 7008 and Local Bankruptcy Rule 7008-1 require that a complaint must declare whether the pleader consents to the bankruptcy judge's entry of final orders or judgment. Failure to timely make that statement waives any objection to the judge's authority to enter final orders or judgments. As I am allowing the Andersons to amend their complaint, they should include a statement regarding consent as it was previously not addressed. Typically, the determination of whether a debt is dischargeable is a core proceeding that a bankruptcy court has authority to address. *See* 28 U.S.C. §157(b)(2)(I).

These are my findings of fact and conclusions of law. I will enter a separate order consistent with this opinion. The order will grant the motion to dismiss, but it will include a 21-day deadline by which the Andersons must file an amended complaint. The amended complaint must be titled "Amended Complaint" and include a caption containing the main case and adversary proceeding information like the caption on page one of this memorandum. The Andersons' name and contact information should be included on the top of page one. Other format and pleading requirements are listed in the Local Bankruptcy Rules. *See* LBR 9004-1, LBR 9004-2(a), (c), and (d). The Andersons both must sign the complaint at the end of the document. FRBP 9011(a) and LBR 9011-4(a). As suggested above, the Andersons will not have unlimited opportunities to fix their complaint. If the amended complaint fails to meet the pleading requirements, it is unlikely they will get another chance.

###

cc: David G. Anderson
R. Cherylene Anderson