Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>LARRY RAY BAKER, JR.,<br>KELLY KISTEN BAKER,<br><br>Debtors. | Case No. 19-61571-tmr13 |
| DAVID G ANDERSON,<br>R CHERYLENE ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY RAY BAKER, JR.,<br>KELLY KISTEN BAKER,<br><br>Defendants. | Adv. Proc. No. 19-6079-tmr<br><br>MEMORANDUM DECISION ON MOTION FOR EXTENSION AND MOTION TO DISMISS[1] |

Plaintiffs, David G. Anderson and R. Cherylene Anderson, have filed a motion to extend the time to file an amended complaint in this adversary proceeding (ECF No. 30). This is the Andersons' second motion to extend the filing deadline set by my order (ECF No. 24) granting

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 9 – MEMORANDUM DECISION ON MOTION FOR EXTENSION

the motion to dismiss filed by Defendants, Larry Ray Baker, Jr., and Kelly Kisten Baker, and allowing the Andersons to file an amended complaint. By order, I granted an initial extension to file an amended complaint on October 17, 2022. ECF No. 28. The Bakers oppose any further extension as described in their response. ECF No. 31 ("has had ample opportunity"). The Bakers also filed a second motion to dismiss. ECF No. 35. The Andersons did not file an objection or any response to the motion to dismiss prior to the objection deadline.

This adversary proceeding commenced November 5, 2019, when I ordered that correspondence filed by the Andersons (Main Case ECF No. 49) be treated as the complaint in this adversary proceeding. ECF No. 1. This treatment of the correspondence followed extensive discussion at the hearing held on September 24, 2019, followed by further discussion at the adjourned confirmation hearing held on November 5, 2019. (*See* Main Case ECF No. 42 and ECF No. 50). Repeatedly at hearings I encouraged the Andersons to find bankruptcy counsel to assist them in asserting their alleged claims.

In this adversary proceeding, we held a pretrial conference on February 18, 2021. *See* ECF No. 7. At that conference, the Bakers agreed to respond to the complaint. They filed a motion to dismiss this adversary proceeding on March 22, 2021. ECF No. 9. During the pretrial conference, I encouraged the Andersons to find counsel and agreed to appoint pro bono counsel for the Andersons through the court's limited pro bono program.

On April 5, 2021, the Andersons filed their response to the motion to dismiss (ECF No. 10), and we held oral argument on the motion on June 3, 2021 (ECF No. 13). After oral argument but prior to a ruling, the parties agreed to participate in a judicial settlement conference. Additionally, I granted the Andersons' application for assignment of pro bono counsel by order filed as ECF No. 15. The court's pro bono program administrator put the

Andersons in contact with a potential pro bono counsel. After discussions with the assigned pro bono attorney, however, the Andersons turned down the pro bono attorney's offer of representation. The parties did move forward with the judicial settlement conference with the Andersons unrepresented by counsel.[2] The settlement judge worked for many months to resolve the disputes, but the efforts failed.

After the settlement judge reported the impasse, I entered the order granting the Bakers' motion to dismiss on September 23, 2022, but I gave the Andersons 21 days (until October 14, 2022) to fix the problems as described in detail in the memorandum decision on the motion to dismiss. *See* ECF No. 23. The 21-day period I gave the Andersons intentionally extended the usual 14-day deadline provided in Federal Rules of Bankruptcy Procedure 7012(a) to give them additional time to address the problems with the complaint. The memorandum decision detailed the deficiencies of the complaint and described changes needed to sufficiently plead the asserted claims. Additionally, I made clear that the Andersons would not have unlimited chances to fix the complaint. *See* ECF No. 23, page 10 ("unlikely they will get another chance").

Despite that warning, on October 13, 2022, one day before the new deadline, the Andersons filed a motion seeking more time to file the amended complaint. ECF No. 27. The grounds for the extension described in the motion included the following: continuing to contact self-help providers, settlement conference discussions, delayed medical procedures, and mailing "irregularities." ECF No. 27. I granted the requested extension to "no later than December 13, 2022." ECF No. 28. The order specified that failure to meet the extended deadline would result in dismissal of the adversary proceeding. ECF No. 28 ("will be dismissed").

---

[2] Lack of counsel was also discussed in the memorandum decision granting the motion to dismiss. *See* ECF No. 23, page 3 ("having counsel would be beneficial to addressing the pleading deficiencies").

The Andersons filed the current motion for a further extension via public document upload on December 14, 2022, seeking an extension of time until December 20, 2022, to file their amended complaint. *See* Receipt for ECF No. 30. As grounds for the extension, the motion cites delays in seeking the transcript for the Bakers' meeting of creditors and delays in receiving the transcript from the United States Trustee in the mail. ECF No. 30, page 2. Even if the transcript was delayed, anything said at the meeting of creditors, held after the filing of the bankruptcy case, would not constitute grounds for an exception to the discharge on the Andersons' claims, so the Andersons had no reason to wait for the transcript.

In opposition to the motion, the Bakers have filed a response saying the Andersons have had enough time and requesting dismissal of the adversary proceeding. ECF No. 31. They also assert that the motion was late because it was filed after the December 13, 2022, deadline. I note that the court received the motion via public document upload, and the docket receipt and corrected text reflect the correct filing date of December 14, 2022, even though the docket entry was not made until December 15, 2022. *See* Receipt for ECF No. 30. The Bakers are correct in asserting that the Andersons filed the motion late and have had over two years to file a proper complaint. Federal Rule of Bankruptcy Procedure 9006(b)(1) provides that the court "for cause shown" may extend the time for acting if the party files a motion prior to the expiration of the extended period from the earlier order. FRBP 9006(b)(1). The Andersons did not file the motion prior to the expiration of the extended period. If the motion is late, like here, the court may grant the extension only if the moving party shows that the failure to act was the result of excusable neglect. FRBP 9006(b)(1). The question for determination is whether the Andersons have shown that the late filing was the result of excusable neglect. As I stated above, waiting for a transcript

was not necessary. It, therefore, was not grounds for an extension and does not create excusable neglect needed to justify a filing after the deadline.

Even though I find no excusable neglect, I have taken the time to review the first amended complaint filed by the Andersons via public document upload on December 20, 2022. *See* ECF No. 33. After making certain "Factual Allegations," the amended complaint asserts three claims described as "Plea to Claims and Prayers for Relief" beginning on page 4. Claim One asserts that the Bakers, beginning in 2005 and 2006 made "false statements and misrepresentations" to keep money due to the Andersons "in direct violation and disregard of an active Commercial Lease Agreement; and through false pretenses, false representations, showing bad faith, misconduct, and badges of actual fraud." ECF No. 33, page 4, lines 92-96. The amended complaint alleges that those actions violate 11 U.S.C. § 523(a)(2)(A) and (B). The amended complaint does list some specific examples of alleged false statements and misrepresentations in a 1-8 itemized list with individual dates of 2018-2019.

Claim Two alleges violations of the Commercial Lease Agreement, including the nonpayment of rent, the failure to meet other lease obligations, and the unauthorized transfer of the lease to a third party. The Andersons allege that those violations also trigger 11 U.S.C. § 523(a)(2)(A).

As I explained in my memorandum decision on the motion to dismiss:

> Section 523(a)(2)(A) excepts from a debtor's discharge debts for money obtained by "false pretenses, a false representation or actual fraud." To prevail on a claim under §523(a)(2)(A), a creditor must prove the following elements: (1) The debtors made a representation, or omitted to state a material fact to the creditor; (2) at the time that the subject representation or omission was made, the debtors knew that the representation was false, or knew that the omission created a false statement, and the debtors were under a duty to disclose the omitted information; (3) the debtors made the subject representation or omission with the intention of deceiving the creditors; (4) the creditors justifiably relied; and (5) the creditors sustained damages as the proximate result of the representation or

omission having been made. *See Daniels v. Holman (In re Holman)*, 536 B.R. 458, 464 (Bankr. D. Or. 2015) (citing *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 n.4 (9th Cir. 2001)); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

ECF No. 23, page 5. The debt in question, as described in the Andersons' Proof of Claim No. 11-3, arose from the Assignment of Lease with Consent of Landlord, signed on November 15, 2006, and the Commercial Lease Agreements, signed August 22, 2010, and August 22, 2015.[3] None of the alleged misrepresentations predate the signing of those agreements. Further, they do not suggest that the Andersons relied on any of the described representations when entering into these agreements. The false pretenses, false representation, or actual fraud must predate the agreements for the damages to arise from the fraud and be nondischargeable on that basis. Whether the Bakers took advantage of the Andersons' attempts to work with the situation, as described in the complaint, is not relevant to a determination under 11 U.S.C. § 523(a)(2)(A). Therefore, the first amended complaint fails to state a claim for relief under 11 U.S.C. § 523(a)(2)(A).

With respect to claims under 11 U.S.C. § 523(a)(2)(B), I stated the following in my memorandum decision on the motion to dismiss:

> Section 523(a)(2)(B) excepts from discharge debts arising from the debtors' intentional use of a false financial statement on which the creditor reasonably relied. To prevail on a claim under §523(a)(2)(B), a creditor must prove the following elements: (1) the debtor made a representation of fact in writing; (2) the representation was material; (3) the debtor knew at the time that the representation was false; (4) the debtor made the representation with the intention of deceiving the creditor; (5) the creditor relied on the representation; (6) the creditor's reliance was reasonable; and (7) damages proximately resulted from the representation. *Siriani v. Northwestern Nat'l Ins. Co. (In re Siriani)*, 967 F.2d 302, 304 (9th Cir. 1992) (citations omitted).

---

[3] Proof of Claim No. 11-3 attaches only the Commercial Lease Agreement dated August 22, 2015, but the Andersons attached both the Assignment of Lease dated November 15, 2006, and the Commercial Lease Agreement dated August 22, 2010, to Proof of Claim No. 11-2.

ECF No. 23, page 7. The amended complaint makes no reference to a false financial statement or that the Andersons relied on any written statement in entering into the lease agreement. Although some of the alleged facts suggest that the Andersons delayed taking enforcement action based on the representations, the amended complaint does not make that allegation and does not claim that any remedies became worthless due to the delay. *See Siriani*, 967 F.2d at 305 ("must show that it had valuable collection remedies"). Therefore, the first amended complaint fails to state a claim for relief under 11 U.S.C. § 523(a)(2)(B).

Finally, in Claim Three, the Andersons assert that the Bakers breached a "management agreement" and committed financial elder abuse while acting in a fiduciary capacity. They claim those debts should be excepted from discharge under 11 U.S.C. § 523(a)(4). The Andersons addressed one aspect of my ruling on the motion to dismiss by clarifying that they are asserting claims based on fraud or defalcation while acting in a fiduciary capacity. In my memorandum decision on the motion to dismiss, I stated as follows:

> To prevail on a §523(a)(4) claim relating to fraud or defalcation, the court must find "1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created." *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 870 (9th Cir. 2001), citing *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997). It is unclear whether an express trust existed between the Andersons and the Bakers, or whether the Bakers acted as fiduciaries to the Andersons. Prior discussions suggested that the Bakers were collecting rental payments on behalf of the Andersons. Such a relationship might create such a trust, but the alleged facts are not specific and, to survive, must be clarified in the Andersons' amended complaint.

ECF No. 23, page 8. The amended complaint fails to address the deficiencies identified in my ruling by alleging sufficient details for this claim starting with the express trust requirement. The "management agreement" discussed by the Andersons is neither attached to the amended complaint nor sufficiently described in the amended complaint. The facts alleged in the amended

complaint assert that the Andersons and the Bakers were parties to a lease agreement, and the Bakers leased the real property to rent out storage units to customers. I see no specific allegations in the amended complaint supporting a separate management agreement that created an express trust for the Bakers to hold funds collected for the benefit of the Andersons. Broad, general allegations of a fiduciary relationship are not enough; there must be an express trust established prior to the alleged wrong. *See Ragsdale v. Haller (In re Haller)*, 780 F.2d 794, 796 (9th Cir. 1986). Whether the Bakers should have forwarded the funds collected is a different question, but "should have" does not establish an express trust arrangement. Without an express trust established in an agreement or by law, the claim under 11 U.S.C. § 523(a)(4) must fail. Even if such an express trust can be shown through related agreements, the amended complaint does not state "with particularity the circumstances constituting fraud" when the complaint was initially made.

As we established, the Andersons have a claim against the Bakers which is represented by their filed Proof of Claim No. 11-3. This adversary proceeding was filed to determine whether the Andersons' claim should be excepted from any discharge the Bakers might receive in this case. It has been more than two years since the filing of the original complaint in this proceeding. I have given the Andersons an opportunity to fix the pleading deficiencies from their first complaint. The first amended complaint filed by the Andersons on December 20, 2022, does not adequately respond to the concerns identified in my memorandum decision granting the Bakers' motion to dismiss the complaint in the adversary proceeding. Because the Andersons have cited no other sufficient reason for the further extension, nor proof that the failure to timely file the motion for extension was the result of excusable neglect, I find no cause to grant the Andersons' motion for an extension of time to file the amended complaint. As a result, the Andersons failed

Page 8 of 9 – MEMORANDUM DECISION ON MOTION FOR EXTENSION

Case 19-06079-tmr    Doc 36    Filed 01/30/23

to timely file the amended complaint and this adversary proceeding must be dismissed based on my prior order and the Bakers' motion to dismiss. Because the deadlines have passed and the Andersons have failed to timely file an adequate complaint, I will grant the Bakers' motion for dismissal with prejudice. For the reasons set forth in this memorandum, I will enter a separate order denying the Andersons' request for further extension and dismissing this adversary proceeding with prejudice.

###

cc: David G. Anderson
R. Cherylene Anderson